**Eugene Issac PITTS, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 83–2433–EA.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1984.

Decided Jan. 31, 1985.

---

Charles T. Coleman, Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen. by Randel Miller, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before McMILLIAN, BENNETT[*] and ARNOLD, Circuit Judges.

BENNETT, Circuit Judge.

Eugene Issac Pitts appeals the district court's final judgment, No. PB–C–82–92 (E.D.Ark. September 20, 1983) (unpublished), denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1982). Mr. Pitts, a state prisoner in Arkansas, was convicted by a jury on July 13, 1979, of capital felony murder and kidnapping. The victim was Dr. Bernard Jones, a North Little Rock, Arkansas, veterinarian. He was kidnapped from his home, bound, gagged, transported in his own vehicle, and found the next day shot four times in the head. Mr. Pitts was sentenced to life imprisonment without parole. His conviction was affirmed by the Arkansas Supreme Court. *Pitts v. State*, 273 Ark. 220, 617 S.W.2d 849 (1981). The Arkansas Supreme Court thereafter considered a petition filed to seek post-conviction relief under Arkansas Rule of Criminal Procedure 37. The petition was denied on February 2, 1982, in a per curiam opinion not designated for publication. In the petition, Pitts raised eight grounds for relief which he later advanced to the district court in his application for a writ of habeas corpus.[1]

Before the district court, Pitts particularized his first alleged ground for relief as the denial of a fair trial in violation of his sixth and fourteenth amendment rights. His contention then and now is that the jury was unconstitutionally "death-qualified" and thus was not a representative cross-section of the community, and that it was "guilt prone" and therefore not impartial. The district court first discussed and then dismissed the seven other alleged

grounds on the merits and for lack of constitutional blemish. Upon consideration of the record, briefs, and oral argument, we think that the district court was right on those seven issues and affirm its resolution of them upon the basis of the discussion in its opinion. No. PB–C–82–92 (E.D.Ark. February 7, 1983).

▇ As to the first issue, the district court noted that it was under submission in another case before another judge in the same division. He therefore held that point in abeyance, with petitioner's consent, pending decision in *Grigsby v. Mabry*, now reported at 569 F.Supp. 1273 (E.D.Ark. August 5, 1983). In *Grigsby* it was held that a so-called "death-qualified jury," from which all persons who refused to consider the death penalty had been excluded, violated the sixth amendment right to a jury selected from a representative cross-section of the community, and the fourteenth amendment due process right to have an impartial jury. This view was reiterated in another opinion on August 18, 1983, when the court in *Grigsby* granted a stay pending appeal. 583 F.Supp. 629 (E.D.Ark. August 18, 1983).

Upon issuance of the *Grigsby* opinions, the district court in the present case considered the one issue it had reserved when dismissing all others on February 7, 1983. In an unpublished memorandum and order on September 20, 1983, the court held that in order to raise the death qualification issue properly, a petitioner must not only have made a timely objection, but he must also have made an "offer to prove by evidence that death-qualified juries would not be representative or that they would be guilt-prone." *Grigsby*, 583 F.Supp. at 630 n. 3. The court then held that since only

---

[*] The Hon. Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The grounds as summarized by the district court are: (1) the right to a trial by a fair and impartial jury was violated; (2) the trial court erred in admitting testimony relating to some guns not connected with the charged offense; (3) he was denied due process in that he was not allowed funds to hire an expert witness; (4) the

trial court erred in admitting certain tape recordings without proper foundation and authentication; (5) he was denied the effective assistance of counsel; (6) the conviction was obtained as a result of improper police tactics in obtaining handwriting samples; (7) the trial court erred in limiting the cross-examination of a witness and in restricting the testimony of a defense witness; and (8) the evidence was insufficient to support the guilty verdict.

the objection was made, but without an offer of the type mentioned above, petitioner had failed to raise the death qualification issue properly and was barred from doing so before the district court in the pending habeas proceeding. Respectfully, the court misread the note in *Grigsby* where that court, in note 3, expressed approval of the "view that a *per se* rule should be adopted even in the absence of the evidentiary showing invited in *Witherspoon.*" *Id.*

*Grigsby v. Mabry* was the subject of in banc consideration by this circuit and the decision of the district court, 569 F.Supp. 1273, was affirmed. 758 F.2d 226 (8th Cir.1985). It was held that a death-qualified jury violated both the sixth and fourteenth amendments per se. Reversal of the district court in the instant case is thus required. The circuit court decision has extended the doctrine in *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), to decide an issue not resolved in that case, namely, that a jury from which persons were excluded because of conscientious scruples against the death penalty, made that jury less than impartial on the question of guilt or innocence. Unless reversed by higher authority, that is now the law of this circuit.

 The question remains as to whether in this appeal the circuit ruling in *Grigsby,* 758 F.2d 226, should be made retroactive. That question has been answered in the affirmative by the decision in *Woodard v. Sargent,* 753 F.2d 694 (8th Cir.1985). The opinion in that case made a thorough, careful analysis of the relevant precedents and concluded that retroactivity is required, on a balancing of the interests of justice and the exigencies of the situation, because the *Grigsby* rule directly affects the truth-finding function of the jury. We agree. *See also Ruiz & Van Denton v. Lockhart,* 754 F.2d 254 (8th Cir.1985). It matters not at all, therefore, that Pitts did not receive the death penalty as did Woodard, Ruiz, and Van Denton. Pitts is entitled to relief because he was not constitutionally tried, convicted, and imprisoned.

The judgment of the district court in dismissal of the issues ruled on in its memorandum opinion of February 7, 1983, is affirmed. Its judgment of September 20, 1983, which denied the application for a writ of habeas corpus, is reversed. The case is remanded with directions to grant the writ unless the state, within such reasonable time as the district court may determine, commences proceedings to retry Pitts before a validly selected jury.