**Eugene Issac PITTS, Appellant,**

v.

**A.L. LOCKHART, Director, Appellee.**

No. 89–1308.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1990.

Decided Aug. 10, 1990.

Rehearing and Rehearing En Banc
Denied Sept. 25, 1990.

M. Darren O'Quinn, Little Rock, Ark., for appellant.

Olan W. Reeves, Little Rock, Ark., for appellee.

Before ARNOLD and BOWMAN, Circuit Judges, and HUNTER *, Senior District Judge.

ELMO B. HUNTER, Senior District Judge.

Eugene Issac Pitts, a state prisoner in Arkansas, appeals from the order of the magistrate dismissing his second petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.

Pitts was convicted by a jury on July 13, 1979, of capital felony murder in connection with the shooting death of Dr. Bernard Jones, a North Little Rock, Arkansas veterinarian. Dr. Jones was kidnapped from his home by a masked gunman during the evening of January 22, 1979. Dr. Jones' body was found the next morning. He had been bound, gagged and shot four times in the head. Pitts was sentenced to life imprisonment without parole. The Arkansas Supreme Court affirmed his conviction. *Pitts v. State*, 273 Ark. 220, 617 S.W.2d 849 (1981). The Arkansas Supreme Court thereafter denied Pitts' petition seeking post-conviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37. Having exhausted his available state remedies, Pitts filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in federal court on April 1, 1982. The district court dismissed the petition and was eventually affirmed on appeal.

On November 23, 1987, Pitts filed a second petition for federal writ of habeas corpus raising six grounds for relief. The magistrate dismissed the petition. Pitts appeals the denial of three of those six grounds for relief. First, Pitts contests the validity of his conviction for capital felony murder in light of *Parker v. State*, 292 Ark. 421, 731 S.W.2d 756 (1987), which held that burglary committed with the intent to

* The Honorable Elmo B. Hunter, United States    Senior District Judge, sitting by designation.

kill cannot support a felony-murder conviction. Second, Pitts argues the state trial court violated his rights to due process and equal protection by failing to instruct the jury on the lesser included offense of first degree felony murder. Finally, Pitts maintains that use of current voter registration lists to select his jury panel violated due process and the right to trial by an impartial jury because potential minority voters have been systematically excluded from the voter registration process in Arkansas.

## I. Conviction for Capital Felony Murder

█ Pitts was convicted in state court of capital felony murder [1] predicated upon the felony of kidnapping. He contends on appeal that his conviction for capital felony murder violated the due process and equal protection clauses of the fourteenth amendment and the double jeopardy clause of the fifth amendment. Specifically, he argues the State failed to prove the underlying felony of kidnapping was committed with an independent purpose which the murder facilitated, as required by a recent Arkansas Supreme Court decision.

In *Parker v. State*, 292 Ark. 421, 731 S.W.2d 756 (1987), the defendant was convicted of two counts of capital felony murder for causing the deaths of James and Sandra Warren in the course of and in furtherance of a burglary.[2] The burglary, as proved by the State, was the entry of the Warrens' home for the purpose of murdering the Warrens. The Arkansas Supreme Court reversed the capital felony murder convictions because the deaths were not caused "in the course of and in furtherance of" a burglary. The court stated:

> For the phrase 'in the course of and in furtherance of the felony' to have any meaning, the burglary must have an in-

dependent objective which the murder facilitates. In this instance, the burglary and murder have the same objective. That objective, the intent to kill, is what makes the underlying act of entry into the home a burglary. The burglary was actually no more than one step toward the commission of the murder and was not to facilitate the murder.

*Id.* 731 S.W.2d at 759.

Pitts relies upon *Parker* to argue that his capital felony murder conviction is unconstitutional because the State failed to prove the underlying felony of kidnapping had an objective independent of the murder. Pitts contends the State proved only that Pitts committed both the kidnapping and the murder with the same objective—to kill—and that kidnapping committed with the intent to kill cannot support a felony murder instruction.

Addressing this argument on its merits, the magistrate held that the rationale and holding of *Parker* are unique to the underlying felony of burglary, which requires entry with the purpose of committing an offense punishable by imprisonment, and do not apply when the predicate felony is kidnapping. We need not determine whether *Parker* in fact extends to preclude application of the felony murder rule when the underlying felony is kidnapping with the intent to kill, because we find this issue is not cognizable in a federal habeas corpus proceeding.

In *Parker* the Supreme Court of Arkansas interpreted a state criminal statute. Even if we assume that the interpretation of the capital felony murder statute enunciated in *Parker* would apply to the present kidnapping situation, we would not be authorized to determine whether Pitts' conviction violates the holding of *Parker*, be-

---

1. Ark.Stat.Ann. § 41–1501 (repealed 1977) provided in pertinent part:
1. Ark.Stat.Ann. § 41–1501 (repealed 1977) provided in pertinent part:
    (1) A person commits capital murder if:
    (a) acting alone or with one or more other persons, he commits or attempts to commit rape, kidnapping, arson, vehicular piracy, robbery, burglary, or escape in the first degree, and in the course of and in furtherance of the felony, or in immediate flight therefrom, he or an accomplice causes the death of

any person under circumstances manifesting extreme indifference to the value of human life. . . .

2. Burglary is defined as follows: "A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment." Ark. Code Ann. § 5–39–201(a) (1987).

cause 28 U.S.C. § 2254 requires we consider only claims raising violations of the Constitution or laws or treaties of the United States. The question of whether Pitts' conviction violates the holding of *Parker* is one purely of state law. State law violations, however serious or fundamental, are not grounds for habeas relief.

## II. Lesser Included Offense Instruction

Pitts contends he was denied due process and equal protection due to the trial court's failure to instruct the jury concerning the lesser included offense of first degree felony murder.[3] The magistrate found that the failure of the trial court to give a first degree felony murder instruction did not rise to the level of constitutional error. We concur.

In *Beck v. Alabama*, 447 U.S. 625, 627, 100 S.Ct. 2382, 2384, 65 L.Ed.2d 392 (1980), the Supreme Court held that in capital cases, due process requires a state court to give requested instructions on lesser included offenses which are supported by the evidence. However, the *Beck* Court expressly left open the question whether due process requires lesser included offense instructions in noncapital cases. 447 U.S. at 638 n. 14, 100 S.Ct. at 2390 n. 14. The *Beck* Court also failed to provide any guidance as to whether a case such as this case, in which the death penalty was sought but ultimately not imposed, is considered a "capital" or "noncapital" case for the purpose of due process.

■ Two circuits have addressed the question whether a case in which the defendant receives a life sentence instead of the death penalty is a capital or noncapital case for the purpose of due process. *See Rembert v. Dugger*, 842 F.2d 301 (11th Cir.), *cert. denied*, 488 U.S. 969, 109 S.Ct. 500, 102 L.Ed.2d 536 (1988); *Trujillo v. Sulli-*

*van*, 815 F.2d 597, 602 (10th Cir.), *cert. denied*, 484 U.S. 929, 108 S.Ct. 296, 98 L.Ed.2d 256 (1987). We agree with these circuits that such cases should be treated as noncapital cases. Because of our decision to treat this case as a noncapital case, we must next address the question left unanswered by the *Beck* court—whether due process requires the giving of warranted lesser included offense instructions in noncapital cases.

■ A majority of the circuits considering this difficult issue have held that the failure of a state court to instruct on a lesser included offense in a noncapital case never raises a federal constitutional question. *See Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir.1988); *Chavez v. Kerby*, 848 F.2d 1101 (10th Cir.1988); *Perry v. Smith*, 810 F.2d 1078 (11th Cir.1987); *James v. Reese*, 546 F.2d 325 (9th Cir.1976); *see also Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 2626, 110 L.Ed.2d 646 (1990). We agree that the failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question. *See DeBerry v. Wolff*, 513 F.2d 1336, 1339 (8th Cir.1975) ("[T]he trial court's failure to give a lesser included offense instruction is not normally such a constitutional error or 'fundamental defect' as to allow collateral review under habeas corpus."). In the instant case, the trial court may have committed error by failing to instruct the jury on the lesser included offense of first degree murder. However, we conclude that any such error did not rise to a level of constitutional significance.

## III. Trial by Impartial Jury

■ Pitts maintains he was denied due process and the right to trial by an impartial jury because the prospective jurors

---

**3.** Ark.Stat.Ann. § 41–1502 (repealed 1977) provided in pertinent part:

  (1) A person commits murder in the first degree if:

  (a) acting alone or with one or more other persons, he commits or attempts to commit a felony, and in the course of and in the furtherance of the felony, or in immediate flight therefrom, he or an accomplice causes the

death of any person under circumstances manifesting extreme indifference to the value of human life....

At the time of Pitts' conviction, first degree murder was a Class A felony subject to a sentence of not less than five years and not more than fifty years, or life. Ark.Stat.Ann. § 41–901 (repealed 1977).

were selected from current voter registration lists. Pitts concedes this procedure for jury selection is valid unless "obstacles are placed in the paths of certain citizens attempting to register to vote," *United States v. Freeman*, 514 F.2d 171, 173 (8th Cir.1975), or the jury selection plan itself is being administered in a deliberately discriminatory manner. *Id.* at 172. Pitts contends that use of current voter registration lists to select jury panels in Arkansas is unconstitutional because potential minority voters have been systematically excluded from the voter registration process in that state.

The magistrate summarily dismissed this claim as an abuse of the writ pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts,[4] finding such a claim was available to Pitts before his trial. The magistrate further noted that Pitts had procedurally defaulted on the claim in state court and had failed to make a showing of cause and prejudice which would permit the court to overlook the procedural default. Finally, the magistrate found this claim to be without merit.

Pitts maintains on appeal that his failure to raise this claim in his first habeas corpus petition must be excused because he lacked the factual basis for making the claim at that time. According to Pitts, two recent civil actions in federal district court in Arkansas provide proof that minorities have been obstructed from voter registration in Arkansas. *See Arkansas Community Organization for Reform Now v. Bill Clinton, Governor*, No. LR–C–84–808 (E.D. Ark.); *Phillips County Ministerial Alliance v. Benz*, No. H–C–84–49 (E.D.Ark.) (ACORN).

The cases relied upon by Pitts as "proof" that minorities have been obstructed from voter registration in Arkansas were disposed of by a consent decree. The consent decree does not purport to make findings of fact or conclusions of law. It is not

evidence of deliberate discrimination in the administration of the jury selection. The ACORN cases do not provide sufficient evidence of discrimination to support Pitts' claim that he was denied rights to due process and to trial by an impartial jury. We conclude the magistrate's dismissal of this claim was not an abuse of discretion.

## IV. Conclusion

Accordingly, we affirm the judgment of the district court.

---

4. Rule 9(b) provides:
   Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.