963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Edward G. ENNIS, Appellant,
v.
Thomas POWERS, Warden, Appellee.
 No. 91-3161.
 United States Court of Appeals,
 Eighth Circuit.
Submitted: May 14, 1992.
Filed: May 21, 1992.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Edward G. Ennis appeals the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We affirm.
 
 
 2
 A North Dakota state court found Ennis guilty of several drug-related offenses and sentenced Ennis to seven years imprisonment. The court suspended four years of Ennis's sentence, which Ennis was to serve on probation. Ennis served approximately one year of his sentence and was paroled. Ennis violated the terms of his probation and was sentenced to 69 months imprisonment-the balance of his original seven-year sentence after deducting good-time credit and the time he had already served.
 
 
 3
 In this habeas action, Ennis contends the state trial court misapplied North Dakota law when sentencing him after his parole violation. We need not address Ennis's contention, for it presents a question of state law, which is not cognizable in a federal habeas corpus proceeding. Pitts v. Lockhart, 911 F.2d 109, 111 (8th Cir. 1990), cert. denied, 111 S. Ct. 2896 (1991).
 
 
 4
 In his second contention, Ennis claims the state trial court did not have jurisdiction to revoke his suspended sentence and resentence him. Ennis contends that under North Dakota law only the North Dakota Parole Board had this authority. Again, this is a question of state law that does not provide a basis for habeas relief.
 
 
 5
 We note that were we to reach these state law questions, we would agree with the district court that Ennis "has failed to support and explain his argument that the North Dakota Supreme Court misinterpreted North Dakota law." We thus affirm the district court's denial of Ennis's petition for a writ of habeas corpus.