**Jerry MITCHELL, Petitioner,**

v.

**Ray ROBERTS, et al., Respondents.**

**No. 91–3162.**

United States District Court, D. Kansas.

Sept. 21, 1992.

---

**198**

Jerry Mitchell, pro se.

Melanie S. Jack, Kansas Bureau of Investigation, Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Hutchinson Correctional Facility, was convicted in September, 1986 of one count of burglary and one count of possession of burglary tools. On October 28, 1986, after imposition of the Habitual Criminal Act, he was sentenced to nine (9) to thirty (30) years on the burglary conviction and one (1) to five (5) years on the conviction for possession of burglary tools. The Kansas Court of Appeals affirmed the conviction. Although the record is unclear, the Kansas Supreme Court apparently denied petition for review or affirmed the conviction. In this action, petitioner challenges his conviction and claims: (1) the trial court erred when it failed to given an instruction on attempted burglary; (2) the trial court provided an erroneous instruction to a jury question; (3) there was insufficient evidence to sustain a conviction for either burglary or possession of burglary tools; and (4) the unavailability of a transcript of closing arguments was a denial of due process.

Having reviewed the record in this matter, the court makes the following findings and order.

*Factual Background*

In the early morning hours of January 27, 1986, the police were notified by a neighbor of a possible burglary at the Kightlinger Lumber Company in Hutchinson, Kansas. The police discovered a partially open overhead door in a building which housed two safes. Just inside the door, officers found a crowbar and a bag which contained a sledgehammer, a screwdriver and three punches.

An individual was seen fleeing the area and petitioner was apprehended nearby. Shoeprints near the open door were similar to petitioner's. Petitioner had once worked at the lumber company.

Petitioner was charged with one count of burglary and one count of possession of burglary tools. A jury convicted petitioner on both counts. Petitioner's conviction was affirmed on appeal.

Following the exhaustion of his state court remedies, petitioner filed this action seeking federal habeas relief on May 31, 1991.

*Discussion*

■ Petitioner's first claim is that the trial court erred when it failed to give an instruction for the lesser included offense of attempted burglary. Petitioner did not request such an instruction at trial.

A state court's failure to give lesser included offense instructions does not raise a federal constitutional question in noncapital cases. The Tenth Circuit Court of Appeals has held "that failure to instruct the jury on a lesser included offense, even assuming the evidence was such to warrant an instruction on a lesser included offense, would not be a ground for granting federal habeas corpus relief." *Chavez v. Kerby,* 848 F.2d 1101, 1103 (10th Cir.1988).

In *Beck v. Alabama,* 447 U.S. 625, 627, 100 S.Ct. 2382, 2384, 65 L.Ed.2d 392 (1980), the United States Supreme Court held that in capital cases, due process requires a state court to give requested lesser included offense instructions which are supported by the evidence. The Court did not address the question of whether due process requires the giving of such instructions in noncapital cases.

Most of the circuits, the Tenth included, have held that the failure of the state court to give the instruction in noncapital cases never raises a federal constitutional question. *Pitts v. Lockhart,* 911 F.2d 109, 112 (8th Cir.1990), *cert. denied* — U.S. —, 111 S.Ct. 2896, 115 L.Ed.2d 1060 (1991). If there is no federal question this court will not review issues of state law.

The court notes, however, that it is in accord with the Kansas Court of Appeals which found the evidence did not warrant the giving of the attempted burglary instruction. Under the evidence of this case,

petitioner was either guilty of burglary or was not guilty of anything.

■ Petitioner's second argument is that the trial judge gave improper instructions in answer to a question posed by the jury during deliberations.

■ Federal habeas proceedings may not be used to set aside state convictions on the basis of erroneous jury instructions unless the error rendered the trial fundamentally unfair in the constitutional sense. *Hunter v. State of N.M.,* 916 F.2d 595, 598 (10th Cir.1990) *cert. denied Hunter v. Tansey,* — U.S. —, 111 S.Ct. 1693, 114 L.Ed.2d 87 (1991). The burden is on petitioner to show that the error had the effect of rendering the trial fundamentally unfair.

Here the jury posed questions concerning how much of the body needed to be inside a building to constitute burglary and whether throwing a bag of tools inside a building constituted a burglary. Petitioner did not object to the answer given by the court.

The court's answer appears to paraphrase the definition of burglary and the definition of entry. "In examining a challenge to jury instructions, the appellate courts must view the record as a whole to determine whether the instructions stated the governing law and provided the jury with ample understanding of the issues and standards applicable." *United States v. Barrera–Gonzales,* 952 F.2d 1269, 1270 (10th Cir.1992).

Petitioner did not object to the court's instruction to the jury question. Petitioner has failed to show that the error rendered the trial fundamentally unfair.

■ Petitioner next claims there was insufficient evidence to support his conviction. In a habeas proceeding, a challenge to the sufficiency of the evidence is reviewed by viewing the evidence in the light most favorable to the prosecution and determining whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Cordoba v. Hanrahan,* 910 F.2d 691 (10th Cir.), *cert. denied* — U.S. —, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990).

Here petitioner was apprehended near the scene of the crime. He was carrying a flashlight. Shoeprints found near the door resembled his prints. A bag of burglary tools was found inside the door. He fit the general description provided by the neighbor who first notified the police of the burglary. Petitioner was a former employee who had knowledge of the company buildings and where the safes were located. A proper construction of this evidence leads to the conclusion that a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt.

█ Petitioner's final argument is that he was prejudiced on appeal because he did not have a complete trial transcript. The only part of the trial transcript to which petitioner did not have access was closing argument. At trial, it was agreed by all parties that closing arguments need not be recorded. Now petitioner makes a bald assertion that "prejudicial statements were made by state in closing arguments which weighed in the jury's mind."

█ First, petitioner does not have a constitutional right to a transcript in order to search for error. *Hines v. Baker*, 422 F.2d 1002, 1006–07 (10th Cir.1970). In addition, a petitioner seeking collateral relief must do more that make naked allegations before a court is required to provide transcripts. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992). Here petitioner's unsupported assertions of error simply do not demonstrate that he was prejudiced by the statements made during closing arguments or that he was further prejudiced by the lack of a transcript. Petitioner did not object to the waiver of recording closing arguments, rather he agreed. The issue is without merit.

IT IS THEREFORE BY THE COURT ORDERED that the petition for writ of habeas corpus is dismissed and all relief denied. The clerk of the court is directed to transmit copies of this order to petitioner and respondent.