**Cleta M. BARRINGTON, Appellant,**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Appellee.**

No. 94–2301.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1994.

Decided March 7, 1995.

Garry J. Corrothers, Little Rock, AR, for appellant.

Joseph V. Svoboda, Little Rock, AR, for appellee.

Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Cleta M. Barrington appeals the district court's [1] denial of her 28 U.S.C. § 2254 petition. We affirm.

Barrington pleaded guilty to possessing with intent to manufacture or deliver methamphetamine, and to possessing drug paraphernalia, in violation of Ark.Code Ann. §§ 5–64–401 and 5–64–403. She filed this habeas petition, claiming that her counsel was ineffective and that her guilty plea was involuntary. The State argued Barrington's claims were procedurally barred. Barrington responded that her default should be excused because she was actually innocent. Without conducting a hearing, the magistrate judge recommended denying relief. Barrington filed objections in which she identified a witness and specified what his exculpatory testimony would be. The district court denied relief. On appeal, Barrington argues she can demonstrate her actual innocence so that the merits of her section 2254 petition can be heard, and she requests a remand to the district court with directions to hold a hearing on the issue.

To invoke the actual-innocence exception to the procedural default rule, the habeas petitioner must "show that it is more likely than not that 'no reasonable juror' would have convicted [her]." *Schlup v. Delo*, — U.S. —, —, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (interpreting standard of proof established by *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649–50, 91 L.Ed.2d 397 (1986)). In applying this standard to a request for an evidentiary hearing on actual innocence, "the District Court must assess the probative force of the newly presented evidence in connection with the evidence of guilt.... [T]he court may consider how the timing of the submission and the likely credibility of the affiants bear on the

1. The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

probable reliability of that evidence." *Schlup,* —— U.S. at ——, 115 S.Ct. at 869. Under these criteria, we do not believe Barrington made a sufficient showing of actual innocence to warrant a hearing on the issue. Considering her failure to meet this threshold showing, we conclude the district court properly declined to reach the merits of her petition.

Accordingly, we affirm.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

In light of the testimony Barrington asserts she can present, I believe she is entitled to an evidentiary hearing on the subject of actual innocence, and I would remand this case for that purpose.