**Richard E. STONE, Petitioner,**

v.

**Jay SHELTON, et al., Respondents.**

**No. 94–3236–DES.**

United States District Court,
D. Kansas.

April 28, 1995.

Richard E. Stone, Hutchinson, KS, pro se.

Melanie S. Pfeifer, Kansas Bureau of Investigation, Topeka, KS, for respondents.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a person in custody at the Norton Correctional Facility, Norton, Kansas.

The facts of the case are outlined in pages two and three of the respondents' answer and return. The court finds these facts as outlined to be the facts of the case and incorporates same into this Memorandum and Order by reference.

**THE COURT FINDS THAT PETITIONER'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE NOT VIOLATED AS THE TRIAL COURT'S INSTRUCTION TO THE JURY DID NOT CREATE AN UNCONSTITUTIONAL PRESUMPTION ON THE ELEMENT OF INTENT.**

The standard of review on this issue is controlled by *U.S. ex rel., Smith v. Montanye.* In that case the court stated that a jury charge in a state trial is normally a matter of state law and is not reviewable on federal habeas corpus absent a showing that the alleged errors were so serious as to deprive the petitioner of a federal constitutional right. 505 F.2d 1355 (2d Cir.1974), *cert. denied* 423 U.S. 856, 96 S.Ct. 106, 46 L.Ed.2d 81 (1975). Moreover, a habeas proceeding may not be used to set aside a state conviction on the basis of an erroneous jury instruction unless the errors had the effect of rendering the trial so fundamentally unfair as to cause the denial of a fair trial. *Brinlee v. Crisp,* 608 F.2d 839 (10th Cir.1979) (citing *Linebarger v. Oklahoma,* 404 F.2d 1092, 1095 (10th Cir.1968)) *cert. denied,* 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470 (1968).

■ Here, petitioner has failed to show how the alleged error was so serious as to deprive him of a federal constitution right. The district court instructed the jury on the inference of intent using the exact language of PIK Crim.2d 54.01 which was upheld by the Kansas Supreme Court in *State v. Ransom*, 239 Kan. 594, 605–06, 722 P.2d 540 (1986), as not being violative of a defendant's constitutional rights as it only established a permissive inference and does not create a burden-shifting presumption.

Because this instruction was neither erroneous nor did it misstate the law under Kansas law, the court finds that this claim is without merit.

**THE COURT FINDS THAT PETITIONER'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE NOT VIOLATED AS A RESULT OF THE TRIAL COURT NOT INSTRUCTING THE JURY ON THE LESSER INCLUDED OFFENSE OF VEHICULAR HOMICIDE.**

Petitioner's claim here is that he was denied due process as a result of the trial court failing to submit to the jury the charge of vehicular homicide as a lesser included offense of second degree murder. In reviewing the petitioner's direct appeal, the Kansas Supreme Court states that the killing, at most, was intentional and, at least, occurred under circumstances constituting wanton conduct. The Court further stated that there was no substantial evidence from which a jury could have reasonably concluded that the killing was the result of simple or ordinary negligence, which is the gravamen of vehicular homicide.

■ As a general rule, habeas relief is not available when a trial court fails to present to the jury a lesser included offense in a noncapital case. *Poulson v. Turner*, 359 F.2d 588, 591 (10th Cir.1966). The United States District Court for the District of Kansas has upheld this rule in the recent case of *Mitchell v. Roberts*, 804 F.Supp. 197 (D.Kan.1992). In the opinion, the court stated that the failure of the state court to give a lesser included offense instruction will not raise a federal constitutional question in a noncapital case.

*Id.* at 199. The district court goes on to quote the Tenth Circuit Court of Appeals in stating that the Tenth Circuit has held "that failure to instruct the jury on a lesser included offense, even assuming the evidence was such to warrant an instruction on a lesser included offense, would not be a ground for granting federal habeas corpus relief. *Mitchell* at 199, (quoting *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir.1988)).

■ This particular claim by petitioner fails as Kansas did not have the death penalty at the time petitioner was tried and sentenced. Therefore, this court should not review petitioner's argument of a lesser included offense instruction on federal habeas review.

**THE COURT FINDS THAT PETITIONER'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE NOT VIOLATED AS THERE WAS SUFFICIENT EVIDENCE TO CONCLUDE THAT PETITIONER AND THE REQUISITE INTENT TO KILL.**

In a habeas corpus proceeding, the court will review a challenge to the sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Cordoba v. Hanrahan*, 910 F.2d 691, 694 (10th Cir.1990) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). (Emphasis in original.)

■ Here it is petitioner's argument that there was insufficient evidence to support a conclusion by a rational jury that he intended to kill Ms. Pauls. Though the court will address this question of law de novo, it is not the court's duty to relitigate the state trial, nor does its inquiry require the court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. *Herrera v. Collins*, —— U.S. ——, ——, 113 S.Ct. 853, 861, 122 L.Ed.2d 203 (1993). The only question to be presented is whether *any* rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. *Id.* —— U.S. ——, 113 S.Ct. at 861. (Emphasis in original.)

The record in this case contains sufficient evidence with regard to all the elements of second degree murder for which petitioner was convicted and the court so finds.

Under K.S.A. 21–3402, murder in the second degree is the malicious killing of a human being, committed without deliberation or premeditation and not in the perpetration or attempt to perpetrate a felony.

When applying the standard found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and viewing the evidence in the light most favorable to the prosecution, it is very clear that *any* rational trier of fact could have found the essential elements of the crime of second degree murder beyond a reasonable doubt and the court so finds.

The court finds that the court does not require an evidentiary hearing to determine this case.

The court further finds that the claims outlined in this petition for writ of habeas corpus are totally without merit and that same should be dismissed.

**BY THE COURT IT IS SO ORDERED.**