_____

No. 95-2746EA
_____

Eugene Issac Pitts,                     *
                                        *
          Appellant,                    *
                                        *
     v.                                 *   On Appeal from the United
                                        *   States District Court
                                        *   for the Eastern District
Larry Norris, Director,                 *   of Arkansas.
Arkansas Department of                  *
Correction,                             *
                                        *
          Appellee.                     *

_____

          Submitted:  April 11, 1996

             Filed:  June 4, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN and WOLLMAN, Circuit Judges.
_____

RICHARD S. ARNOLD, Chief Judge.


     Eugene Pitts, who is serving a sentence of life in prison without
parole, appeals the District Court's[1] denial of his third petition for a
writ of habeas corpus.  The Court concluded that the claims raised in the
petition were procedurally barred.  We affirm.

_____

          [1]The Hon. Stephen M. Reasoner, Chief Judge, United States
District Court for the Eastern District of Arkansas, acting on the
recommendation of the Hon. Jerry Cavaneau, United States Magistrate
Judge for the Eastern District of Arkansas.

I.

We begin with a brief overview of the facts leading to Pitts's conviction and ultimately to this appeal. In January of 1979, Pitts abducted Dr. Bernard Jones from his home and shot him once in the side of the head and three times in the back of the head, killing him. That same year, Pitts was charged with and convicted of capital felony murder,[2] with kidnapping as the predicate felony. He was sentenced to life in prison without parole.

The Arkansas Supreme Court affirmed Pitts's conviction in 1981. Pitts v. State, 273 Ark. 220, 617 S.W.2d 849 (1981). Pitts's petition for state post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 was denied as well. He then filed two habeas corpus petitions, both of which were denied.[3] In

---

[2]The Arkansas capital murder statute, Ark. Code Ann. § 5-10-101, states that:

(a) a person commits capital murder if:

(1) Acting alone or with one (1) or more other persons, he commits or attempts to commit rape, kidnapping, vehicular piracy, robbery, burglary, a felony violation of the Uniform Controlled Substances Act, §§ 5-64-101 -- 5-64-608, involving actual delivery of a controlled substance, or escape in the first degree, and in the course of and in furtherance of the felony, or in immediate flight therefrom, he or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life.

[3]The District Court denied Pitts's first petition for relief. A panel of this Court affirmed as to all issues with the exception of the death-qualified jury issue, on which we reversed. Pitts v. Lockhart, 753 F.2d 689 (8th Cir. 1985), vacated, 476 U.S. 1111 (1986). That reversal was later vacated as a consequence of the Supreme Court's ruling in Lockhart v. McCree, 476 U.S. 162 (1986). All claims raised in Pitts's second petition were denied by the District Court, and the denial was affirmed on appeal. Pitts v. Lockhart, 911 F.2d 109, 112 (8th Cir. 1990), cert. denied, 501 U.S. 1253 (1991).

-2-

this, his third habeas petition, he initially raised four claims.[4]  A magistrate judge filed a recommendation concluding that the claims were either abusive or successive, and that habeas relief should be denied. Following a <u>de novo</u> review of the record, the District Court entered an order adopting the recommendation and dismissed the petition.

Pitts now appeals one of the claims which he raised in the District Court:  that his appellate counsel, who was a public defender, was rendered ineffective because a member of the public defender's office allegedly had a personal relationship with the victim and participated in the murder investigation.[5]  Pitts admits that this argument is procedurally barred. To overcome the bar, he advances the actual-innocence exception.  We review the District Court's decision to dismiss the petition de novo.

II.

Generally, claims raised or developed for the first time in a second or subsequent habeas are abusive and may not be considered on the merits.  There are some exceptions to the rule.  A claim that would otherwise be abusive may be considered on the merits if the defendant is able to demonstrate either cause and prejudice, or

---

[4]Pitts raised the following claims before the District Court: (1) appellate counsel was rendered ineffective by a conflict of interest; (2) appellate counsel was ineffective because he withheld exculpatory evidence; (3) appellate counsel was ineffective in presenting the sufficiency of the evidence argument; and (4) denial of due process, equal protection, and access to the courts due to erroneous rulings in his prior federal habeas petitions regarding his sufficiency of the evidence claim.  Pitts appeals only the denial of the conflict-of-interest claim.

[5]The State says that the lawyer in question in fact worked for a completely different office.  Our disposition of this appeal makes it unnecessary to pursue that question of fact.

actual innocence.

Pitts relies upon the actual innocence exception.  He claims that the evidence presented by the State was insufficient to convict him of capital felony murder predicated upon kidnapping.  Citing the Arkansas Supreme Court's holding in Parker v. State, 292 Ark. 421, 731 S.W.2d 756 (1992), he argues that the State failed to prove that he possessed an independent intent to commit the predicate felony.  In Parker, the court held that "in order to constitute capital felony murder, the murder must be in the course of, and in furtherance of the" predicate felony.  292 Ark. at 427, 731 S.W.2d at 759 (emphasis in original).  Stated another way, the predicate felony "must have an independent objective which the murder facilitates." Ibid.  Pitts contends that the only objective of the predicate felony charged, the kidnapping of Dr. Jones, was the murder, and therefore his conviction violates Parker.[6]

Pitts presented this exact argument as a basis for habeas relief in his second habeas petition and in the appeal of that petition.  In that context, he argued, inter alia, that his conviction violated his due process rights.  See Jackson v. Virginia, 443 U.S. 307 (1979).  We rejected the argument without addressing its merits, stating that it was not a constitutional

---

[6]In his reply brief, Pitts makes what could be construed as an attempt to show cause in order to excuse the abuse of the writ.  He argues that the holding in Parker was ambiguous until the court decided Allen v. State, 310 Ark. 384, 838 S.W.2d 346 (1992).  He notes that Allen was not available at the time of trial or at the time of his first and second petitions for writ of habeas corpus.

It is true that legal unavailability may be cause excusing an abuse of the writ.  Heffernan v. Norris, 48 F.3d 331, 333 (8th Cir. 1995).  In such a case, the issue must be so novel as to present a clear break with the past.  Id. at 334.  The fact that Allen was not decided until after Pitts's second habeas is insignificant.  The holding in Allen follows closely the reasoning employed in Parker, which was decided prior to Pitts's second habeas petition.  We do not consider Allen to be a clear break with past Arkansas law.  There is simply nothing novel about Pitts's claim.

-4-

claim, but purely an issue of state law which did not state a basis for habeas relief.  <u>Pitts v. Lockhart</u>, 911 F.2d 109, 112 (8th Cir. 1990), <u>cert. denied</u>, 501 U.S. 1253 (1991).

Here, Pitts seeks to advance the argument for a different purpose -- as a gateway to considering the merits of his ineffective-assistance-of-counsel claim.  See <u>Schlup v. Delo</u>, 115 S. Ct. 851, 867 (1995).  To form a gateway through the procedural bar, Pitts must show, "based on new evidence, that `a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  <u>Brownlow v. Groose</u>, 66 F.3d 997, 999 (8th Cir. 1995) (quoting in part <u>Schlup</u>, 115 S. Ct. at 867), <u>cert. denied</u>, 116 S. Ct. 1049 (1996).  The argument must fail.  The actual innocence exception is concerned with claims of actual, not legal, innocence.  <u>Anderson v. United States</u>, 25 F.3d 704, 707 (8th Cir. 1994).  It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception.  Indeed, a credible claim of actual innocence "requires [a] petitioner to support his allegation of constitutional error with new reliable evidence . . .."  <u>Schlup</u>, 115 S. Ct. at 865.  Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see <u>Sawyer v. Whitley</u>, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, see <u>Schlup</u>, 115 S. Ct. 851, and exculpatory scientific evidence.

Pitts's argument is one of legal innocence.  He has presented no new evidence establishing his factual innocence.  For these reasons, he has not demonstrated that he falls within the actual innocence exception.  Pitts's argument, in plain terms, is that he may have kidnapped Dr. Jones intending from the beginning to kill him.  Therefore, he is not guilty of capital felony murder, which requires that the underlying felony have an objective independent of the killing.  Even if Pitts is right, convicting him is not a fundamental miscarriage of justice by any stretch of the imagination.

                                    III.


        We conclude that the District Court did not err by dismissing Pitts's
petition.  Pitts has failed to make the showing of actual innocence
necessary to overcome the procedural bar to have his ineffective-
assistance-of-counsel claim considered on the merits.[7]  Because of the
procedural bar, we do not reach the merits of the ineffective-assistance
claim.  The judgment is affirmed.


        A true copy.


        Attest:


              CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

    [7]Pitts urges us to remand this case to the District Court for
reconsideration in light of Schlup because the Court applied the
wrong standard when considering his actual innocence claim.  The
District Court applied the narrow "clear and convincing" standard
of Sawyer v. Whitley, 505 U.S. 333, 350 (1992), rather than the
less narrow "more likely than not" standard of Schlup, 115 S. Ct.
at 867 (adopting the standard established in Murray v. Carrier, 477
U. S. 478, 496 (1986)).  Despite this error, we are not inclined to
remand this case to the District Court for reconsideration, because
Pitts has failed to make even a threshold showing that he is
actually innocent under Schlup.  See, e.g., Barrington v. Harris,
49 F.3d 440 (8th Cir. 1995) (per curiam).