_____

No. 96-1767
_____

Joe Kenneth Andrews,                *
                                    *
     Appellant,                     *
                                    *   Appeal from the United States
     v.                             *   District Court for the
                                    *   Eastern District of Arkansas.
Larry Norris, Director,             *
Arkansas Department of              *
Correction,                         *
                                    *
     Appellee.                      *

_____

Submitted:   January 17, 1997

Filed:   February 28, 1997
_____

Before MURPHY and JOHN R. GIBSON, Circuit Judges, and KYLE,[1] District
     Judge.
_____

MURPHY, Circuit Judge.

     Joe Kenneth Andrews appeals from a judgment[2] dismissing his third
petition for habeas corpus because it was procedurally barred.  We affirm.

     Andrews was convicted in Arkansas in 1990 of murder and sentenced to
forty years in prison.  No appeal was filed, and Andrews claims that his
attorney ignored his instruction to file one.  In 1991, Andrews petitioned
the federal court for a writ of habeas corpus, but the petition was
dismissed because he had not

_____

[1]The Honorable Richard H. Kyle, United States District Judge
for the District of Minnesota, sitting by designation.

[2]The Honorable Henry L. Jones, Jr., United States Magistrate
Judge for the Eastern District of Arkansas, presiding.

exhausted his state court remedies. In 1992, he filed a motion in the Arkansas Supreme Court seeking an appeal of his conviction. The court remanded for an evidentiary hearing and later denied his motion. He then moved in federal court for leave to file a writ of mandamus directing the Arkansas Supreme Court to allow him to appeal; the motion was dismissed. Later in 1992, he filed a second habeas petition, claiming that he had been denied his right of appeal and the effective assistance of counsel by the failure to file an appeal. That petition was dismissed in 1993, and in 1995 he filed the habeas petition at issue here.[3] The district court dismissed his petition as procedurally barred and denied his subsequent motion to reconsider and vacate the judgment. Andrews appeals from "the judgment and/or order" denying his motion.

Andrews argues that failure to consider his habeas petition would result in a miscarriage of justice. He does not dispute that this petition raises new issues, nor that cause and prejudice excuse his failure to raise them earlier.[4] He claims instead that failure to consider his petition would be a miscarriage of justice because he was convicted solely on the basis of an alleged accomplice's testimony, which is insufficient under Arkansas law.

A petition for habeas corpus that would otherwise be an abuse of the writ may be considered to prevent a miscarriage of justice. E.g., Murray v. Carrier, 477 U.S. 478, 496 (1986). The miscarriage

---

[3]Andrews' third habeas petition alleged (1) ineffective assistance of counsel for his performance at trial; (2) trial court error; (3) unconstitutional search and seizure; (4) prejudicial prosecutorial misconduct; and (5) denial of counsel at a critical stage of the proceedings.

[4]In his motion for reconsideration, Andrews asserted that he could demonstrate cause for failing to raise in his earlier habeas petitions his claim that he was denied counsel at a critical stage. Even if this issue were raised on appeal, it would not succeed because the district court did not err in ruling that it was available earlier. See, e.g., McCleskey v. Zant, 499 U.S. 467, 489 (1991).

of justice exception is narrow, however, and the petitioner must be able to show that he was actually innocent of the crime. Id. The claim must be supported with new reliable evidence that was not presented at trial. Schlup v. Delo, 115 S. Ct. 851, 865 (1995).

Andrews has not demonstrated that he is entitled to the exception. He argues that he was not guilty of murder under Arkansas law because his conviction was based only on the testimony of an alleged accomplice. He contends that there was no other evidence linking him to the murder, as required by Arkansas law. Even if true, Andrews would not prevail because legal innocence is insufficient to make out a claim of actual innocence. See Pitts v. Norris, 85 F.3d 348, 351 (8th Cir.), cert. denied, -- U.S. --, 117 S. Ct. 403, 136 L. Ed. 317 (1996). Andrews also asserts his actual innocence, but he has not presented any new evidence to support that claim. The miscarriage of justice exception therefore does not permit consideration of his successive petition. Schlup, 115 S. Ct. at 865.

The district court did not err in dismissing Andrews' petition. The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.