David D. VAUGHAN, Petitioner,

v.

Michael T. GROOSE, Respondent.

No. 90–0804–CV–W–3–P.

United States District Court,
W.D. Missouri,
Western Division.

May 4, 1995.

**340**

David Dewayne Vaughan, Jefferson City, pro se.

William E. Hanna, Morrison & Hecker, Kansas City, MO, for petitioner David Dewayne Vaughan.

William J. Bryan, IV, Missouri Atty. Gens. Office, Jefferson City, Mo, for respondent William Armontrout, Warden.

John William Simon, William J. Bryan, IV, Missouri Atty. Gens. Office, Jefferson City, MO, for respondent Michael Groose.

### ORDER

ELMO B. HUNTER, Senior District Judge.

Petitioner, a convicted state prisoner currently confined at the Jefferson City Correctional Center in Jefferson City, Missouri, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1976). Petitioner challenges his 1988 conviction for first degree murder and the sentence of life imprisonment without parole imposed pursuant thereto.

Petitioner raises the following grounds for relief: (1) his constitutional rights were violated when he was coerced into entering into an "Alford plea bargain" and his case was transferred to a county and judge known for accepting such types of pleas and is currently suspended and under investigation for the same; (2) his rights under both the United States Constitution and the Missouri Constitution were violated in that he was led to believe that he had no constitutional guarantee to petition for the writ of habeas corpus; (3) he was denied due process and equal protection of the law because (a) the trial court did not have jurisdiction to accept his plea or to impose a sentence; (b) there was insufficient basis to accept the plea; (c) his plea was involuntary and coerced; (d) he was denied the right to remain silent; (e) he was denied the right to counsel; (f) he was denied the right to be free from unreasonable search and seizure; and (g) he was denied effective assistance of counsel; (4) his guilty plea was involuntarily and unintelligently made without a reasonable or valid understanding of the consequences of his plea or the likely outcome of pursuing what, if any, alternatives were available to him because counsel did not disclose such; (5) the time limitation imposed under Missouri Supreme Court Rules 24.035 and 29.15 are unconstitutional because they make no provision for late filing

where the motion is not timely filed through no fault of the petitioner or where the petitioner is confused, mistaken, misinformed, or not informed of the filing deadline; and (6) the time limitations imposed under Missouri's post-conviction remedies are unconstitutional because they are "beyond the scope of the state's statute of limitations as would be applicable to contractual law." Corrected Petition at p. 22.

Petitioner requests an evidentiary hearing and relief in the form of release from his conviction and sentence, remand to the state courts for consideration pursuant to Rule 24.035, or remand to the state courts for a new trial.

In response to the instant petition, Respondent moves to dismiss the above-styled action contending that Petitioner has procedurally defaulted on every ground raised because none of Petitioner's claims were presented in state court, and that Petitioner fails to show the requisite cause and actual prejudice necessary to overcome this procedural default.

Although Petitioner concedes the instant claims have not been presented to the state court, he argues (1) his claims are not procedurally barred because he did not deliberately bypass state procedure; (2) his claims are not procedurally barred because Rule 24.035 does not provide an adequate and independent state ground to bar federal review; (3) his claims are not procedurally barred because Petitioner is actually innocent; and (4) he has overcome the procedural bar by establishing both cause and prejudice for failure to present these claims to the state court.

## I. DELIBERATE BYPASS

■ As an alternative to his "cause and prejudice" argument, Petitioner asserts his 28 U.S.C. § 2254 claims are not procedurally barred because he did not deliberately bypass state procedure. *See Fay v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 848–49, 9 L.Ed.2d 837 (1963). Contrary to Petitioner's assertion, however, the United States Supreme Court has dispelled any doubt as to the continuing validity of "deliberate bypass" as a condition for enforcing a state law procedural bar. *See Bennett v. Armontrout,* 949

F.2d 1017, 1018 (8th Cir.1991) (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991)). In *Coleman,* the Supreme Court expressly overruled this aspect of *Fay v. Noia,* explaining:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750, 111 S.Ct. at 2565. Accordingly, whether Petitioner's bypass of state procedure was intentional or unintentional is irrelevant to whether this Court can reach the merits of Petitioner's grounds for relief because it is the cause and prejudice standard that governs the instant petition.

## II. ADEQUATE NOTICE OF RULE 24.035 TIME LIMIT

Petitioner next asserts that his claims are not procedurally barred because Rule 24.035 does not provide an adequate and independent state ground to bar federal review. In support of this assertion, Petitioner claims that Rule 24.035 unconstitutionally denies Petitioner his right to due process by arbitrarily denying him access to post-conviction relief without providing adequate notice.

Although under one heading of "lack of independent and adequate state grounds," the Court construes Petitioner to be making three separate and distinct arguments in this contention: (1) the Missouri Court of Appeals failed to cite to independent and adequate state grounds when it held Petitioner's motion to vacate judgment and sentence untimely and thus procedurally barred; and (2) Missouri Supreme Court Rule 24.035 is unconstitutional because it makes no provision for late filing of a motion; and (3) the trial court failed to specifically advise the defendant of his right to proceed under Rule 24.035. Accordingly, the Court will address each of Petitioner's contentions separately.

## A. Independent and Adequate State Grounds

▮ Simply put, federal courts are required to honor a state court holding so long as there is an independent and adequate basis for the decision. *See Harris v. Reed,* 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 1044 n. 10, 103 L.Ed.2d 308 (1989). This would preclude federal consideration of a petitioner's claims so long as the last state court rendering a judgment clearly and expressly rests that judgment on the procedural default. *Id.* at 262, 109 S.Ct. at 1043 (citing *Caldwell v. Mississippi,* 472 U.S. 320, 327, 105 S.Ct. 2633, 2638–39, 86 L.Ed.2d 231 (1985)). In addition, the state court actually must have relied on the procedural bar as an independent basis for its disposition in the case. *Caldwell,* 472 U.S. at 327, 105 S.Ct. at 2638–39. "Ambiguities in this regard must be resolved by application of the *Long* standard." *Id.* (citing *Michigan v. Long,* 463 U.S. 1032, 1042, 103 S.Ct. 3469, 3477, 77 L.Ed.2d 1201 (1983)) (state court decision must contain a "plain statement" that its decision rests upon adequate and independent state grounds).

▮ In Petitioner's case, the Missouri Court of Appeals expressly held Petitioner's claim to be procedurally barred for failure to comply with Mo.Sup.Ct.R. 24.035.[1] The Court finds this to be an independent and adequate basis and thus Petitioner is procedurally barred from federal review absent a showing of cause and prejudice. *See Coleman,* 501 U.S. at 750, 111 S.Ct. at 2565.

## B. Constitutionality of Mo.Sup.Ct.R. 24.035

Petitioner states that

Rule 24.035 makes no provision for late filing of a motion, even in cases where the late filing is caused by a matter beyond the control of the movant such as the trial court's failure to give the movant adequate notice of the time limitations for filing. In petitioner's case, his late filing definitely was due to matters beyond his control. At his guilty plea hearing, the trial court merely advised petitioner: (1) of his right to file a Rule 24.035 motion; and (2) that time limits on that right exist. The trial court never informed petitioner of the length of time allowed to file such a motion, or when that time period commenced.

Petitioner's Opposition to Motion to Dismiss at p. 5. First, Petitioner alleges Rule 24.035 is unconstitutional because it fails to make a provision for late filing in circumstances beyond Petitioner's control. As noted above, the Missouri Supreme Court mandates that failure to file a 24.035 motion within ninety days of custody constitutes a complete waiver of any right to proceed under that Rule. Mo.Sup.Ct.R. 24.035.

▮ As a preliminary matter, "there is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions." *Williams v. Missouri,* 640 F.2d 140, 143 (8th Cir.1981). Therefore, neither the adequacy nor availability of Missouri post-conviction procedures are reviewable in this instance for violations of the United States Constitution. Notwithstanding this fact, however, numerous state prisoners have challenged the Missouri post-conviction procedures in both state and federal court. In a set of cases consolidated under the style of *Day v. State,* 770 S.W.2d 692 (Mo. banc), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), a group of Missouri prisoners—representing a variety of fact situations—attacked these rules as violative of the United States Constitution and the Missouri Constitution on various grounds. The Missouri Supreme Court rejected these challenges, holding that the time limitations are reasonable in that "[t]hey serve the legitimate end of avoiding delay in the processing of prisoners' claims and prevent the litigation of stale claims."

---

1. Missouri Supreme Court Rule 24.035(b) states as follows:

 A person seeking relief pursuant to this Rule 24.035 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form. No. 40. No cost deposit shall be required.

 The motion *shall be filed within ninety days* after the movant is delivered to the custody of the department of corrections. *Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035.* Mo.Sup.Ct.R. 24.035(b) (emphasis added).

770 S.W.2d at 695. This Court endorses the reasoning of the Missouri Supreme Court to hold that the time limitations are reasonable and thus not in violation of either the United States or the Missouri Constitution.[2]

## C. Trial Court's Compliance with Mo. Sup.Ct.R. 29.07

█ Petitioner alleges that the trial court failed to comply with Rule 29.07(b)(4) because the trial court did not inform Petitioner of the length of time allowed to file a 24.035 motion or when the time period commenced. Missouri Supreme Court Rule 29.07 states that "[i]f a defendant has a right to proceed under Rule 24.035 or Rule 29.15, the court at the conclusion of final sentencing shall advise the defendant of such right." Mo.Sup.Ct.R. 29.07(b)(4). Notably, at his guilty plea hearing, the trial court advised Petitioner: (1) of his right to file a Rule 24.035 motion; and (2) that time limits on that right exist. This Court holds that the trial court more than satisfied Rule 29.07. *See Drewel v. Missouri*, 835 S.W.2d 401 (Mo. Ct.App.1992) (where the court held that failure of the trial court to advise defendant of the right to file a motion to vacate sentence and that the motion must be filed within 90 days did not excuse defendant's failure to timely assert claims for post-conviction relief); *Hawkins v. State*, 807 S.W.2d 214 (Mo. Ct.App.1991) (noting the "emphasis which our cases have placed on the inelasticity of the time limitations of Rule 29.15," the court rejected an argument that the failure of the sentencing court to give the admonition required under Rule 29.07(b)(4) should excuse the untimely filing of a Rule 29.15 motion); *Reed v. State*, 781 S.W.2d 573 (Mo.Ct.App. 1989) (noting that the time limitations in Rule 24.035 and 29.15 are mandatory and that a failure to advise defendant of the right to proceed under those rules in violation of 29.07(b)(4) does not override these mandatory time limits).

## III. FUNDAMENTAL MISCARRIAGE OF JUSTICE

█ Petitioner next asserts the "fundamental miscarriage of justice" exception to the "cause and prejudice" standard applies in this case. Petitioner contends that dismissal of his Rule 24.035 post-conviction motion as untimely is a constitutional violation which resulted in the conviction of one who is actually innocent. It is true that "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause and prejudice." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). This Court is not persuaded, however, that dismissal of Petitioner's Rule 24.035 motion as untimely produced a fundamental defect and complete miscarriage of justice resulting in the conviction of one who is actually innocent.

The actual innocence exception is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, —— U.S. ——, ——, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993). The actual innocence exception applies when " 'the habeas petitioner demonstrates by clear and convincing evidence that, but for the alleged constitutional error, no reasonable juror would have found the petitioner guilty of the crime of which he was convicted.' " *Whitmore v. Avery*, 26 F.3d 1426, 1429 (8th Cir.1994) (quoting *Wallace v. Lockhart*, 12 F.3d 823, 827 (8th Cir.1994)).

Because the question is one of factual rather than legal innocence, the Court determines actual innocence "in light of all the available evidence...." *Kuhlmann v. Wilson*, 477 U.S. 436, 454–55 n. 17, 106 S.Ct. 2616, 2627 n. 17, 91 L.Ed.2d 364 (1986). Notably, Petitioner offers no evidence to support his claim of actual innocence but instead states in a broad and conclusory manner that dismissal of his Rule 24.035 motion resulted

**2.** As to Petitioner's contention that failure to provide a procedure within the Rule for late filing in cases where the late filing is caused by a matter beyond the control of the Petitioner, this Court finds that the *Coleman v. Thompson* "cause and actual prejudice" standard adequately overcomes the procedural bar in these situations.

in the conviction of one who is innocent. But Petitioner fails to plead any facts which if true, would prove that but for this alleged constitutional violation, no reasonable juror could have convicted him. In fact, the record in this case demonstrates that the Petitioner admitted to killing the victim. Response Exhibit C at 14–15, 18–20. He entered into a plea agreement in order to avoid a trial in which he could have been sentenced to death. *Id.* at 17–18. As a result, the Court cannot find by clear and convincing evidence that but for the dismissal of his Rule 24.035 motion as untimely, no reasonable juror would have found him guilty when, in fact, he admitted in open court to the intentional murder for which he was charged. *See Jones v. Jerrison,* 20 F.3d 849, 856–57 (8th Cir.1994). Consequently, the Court finds that federal review is not required to prevent a fundamental miscarriage of justice.

## IV. CAUSE AND PREJUDICE

■ In *Coleman v. Thompson,* the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750, 111 S.Ct. at 2565. *Both* "cause" and "actual prejudice" are necessary to overlook a procedural default. *Murray v. Carrier,* 477 U.S. at 496, 106 S.Ct. at 2649–50 (emphasis added). Under *Murray v. Carrier,* "cause requires a showing of some external impediment preventing [petitioner] from raising a claim." *Id.* at 488, 106 S.Ct. at 2645. Specifically, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [petitioner's] efforts to comply with the state's procedural rule." *Id.* To demonstrate prejudice, petitioner must show not merely "that the errors at his trial created a

*possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 169, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982) (emphasis added).

■ Petitioner asserts that failure of the trial court to inform him of the specific time limitations for filing a Rule 24.035 motion in state court constitutes "cause" for his procedural default. Petitioner's claim that he did not know about the availability and time limitations of Rule 24.035 because of the alleged failure of the court to specifically set out the time limitations is without merit. In *Cheek v. State,* 776 S.W.2d 66, 67–68 (Mo.Ct. App.1989), the court found that ignorance of the law has repeatedly been held to be no excuse for a petitioner's failure to timely assert claims for post-conviction relief. Notwithstanding this finding, the Court again finds that Petitioner received more than enough notice of his right to pursue post-conviction relief. At his guilty plea hearing, the trial court advised Petitioner: (1) of his right to file a Rule 24.035 motion; and (2) that time limits on that right exist. Failure to specifically designate that the time limit was ninety days clearly does not constitute cause for failing to file a timely Rule 24.035 motion, especially given the fact that the trial court instructed Petitioner to consult with his counsel regarding post-conviction relief questions. *See* Respondent's Exhibit C, Guilty Plea Transcript at pp. 21–22.

In support of his claim of prejudice, Petitioner asserts that because he did not receive specific notice of the time limitations within Rule 24.035, he filed his motion late and the trial court refused to reach the merits of his claims for relief. Petitioner states this refusal to reach the merits of his post-conviction claims for relief constitutes "prejudice," because if the claims were true, the motion would have entitled Petitioner to relief. Simply put, Petitioner has not demonstrated that refusal by the trial court to reach the merits of his Rule 24.035 motion resulted in an error of constitutional dimensions. Therefore, the effect of this refusal to reach the merits of his Rule 24.035 motion cannot constitute

"prejudice" pursuant to *Frady,* 456 U.S. at 169, 102 S.Ct. at 1595.

### V. CONCLUSION

Based on the above discussion, this Court finds that Petitioner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, and thus federal habeas review of the claims is barred. Accordingly, it is hereby **ORDERED** that Respondent's motion to dismiss the above-styled petition is hereby **GRANTED** and this case is dismissed with prejudice.

**IT IS SO ORDERED.**