Michael BROWNLOW, Appellant,

v.

Michael GROOSE, Superintendent, JCCC, Appellee.

No. 94–3614.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1995.

Decided Oct. 6, 1995.

Curtis L. Blood, Collinsville, Illinois, argued, for appellant.

Michael Joseph Spillane, Assistant Attorney General, Jefferson City, Missouri, argued, for appellee.

Before WOLLMAN, FRIEDMAN,* and LOKEN, Circuit Judges.

WOLLMAN, Circuit Judge.

Michael Brownlow, a Missouri inmate, appeals the district court's[1] order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

## I.

Brownlow was charged with second-degree murder involving the death of two-year-old Michelle Luttjohann. He was also charged with sodomy. After entering into a plea agreement, Brownlow pleaded guilty to the murder charge. In exchange for the plea, the State dismissed the sodomy charge.

After his arrest, Brownlow underwent a medical examination and was found to be competent at the time of the murder and able to assist in his own defense. Thereafter, Brownlow's appointed counsel deposed Christopher Gullett, Michelle's seven-year-old brother. Based on the evidence implicating Brownlow and the results of the medical examination, counsel recommended that

Brownlow withdraw his initial not guilty plea and enter into a plea bargain.

At the plea hearing, the state alleged that its evidence would establish that at the time of the murder Brownlow was living with his girlfriend, Melinda Gullett, the mother of Michelle and Christopher. Melinda was employed at a local manufacturing plant, working from 3:00 p.m. to 11:00 p.m. Until October 17, 1988, her parents usually took care of Michelle and Christopher while she was at work. After October 17, 1988, Brownlow was the primary caretaker of the two children while Melinda was at work.

Shortly after 11:00 p.m. on October 25, Melinda returned home from work and found Michelle lying in a bed and barely breathing. Michelle had bruises and cuts all around her mouth and her hands had been tied behind her back. Brownlow told Melinda that he had hit the child because she was sucking her thumb and that he had tied her hands to prevent her from continuing to do so. Melinda then took Michelle to the hospital. The admitting diagnosis was that Michelle was suffering from severe brain damage due to non-accidental trauma. Michelle died approximately four hours after her admission. The opinion of the doctor who performed the autopsy was that her death resulted from blunt trauma and shaking injuries. It was also determined that the injuries that caused Michelle's death occurred within two or three hours prior to her admission to the hospital.

The state further alleged that Christopher Gullett would testify that on the night of October 25 he saw Brownlow strike Michelle about the head and body a number of times, shake her, grab her by the ankles, and throw her to the floor, where she struck her head on a hammer that was lying there. Christopher then saw Brownlow strike and kick Michelle as she lay on the floor in a curled up position.

Following the state's offer of proof, Brownlow entered an *Alford* plea[2] to the

---

* The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri.

2. An *Alford* plea allows a defendant to plead guilty and consent to imposition of a sentence even though he may continue to proclaim his innocence. In such circumstances, the court accepting the plea must determine that there is "strong evidence of actual guilt." *North Car-*

second-degree murder charge. Brownlow alleged that because of his drug use he could not remember anything about the events occurring on October 25, 1988. He did not dispute, however, any of the facts alleged by the State, and he acknowledged that the evidence against him was "overwhelming." The trial court accepted Brownlow's plea and sentenced him to life imprisonment.

Brownlow subsequently filed a pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, alleging, among other things, ineffectiveness of counsel in connection with his guilty plea. Following an evidentiary hearing, the motion was denied. The denial of the 24.035 motion was affirmed by the Missouri Court of Appeals. *Brownlow v. State*, 818 S.W.2d 302 (Mo.Ct.App.1991). Brownlow's subsequent requests for a recall of the court's mandate and transfer to the Missouri Supreme Court and his state petition for a writ of habeas corpus were denied. He then filed a pro se petition for a writ of habeas corpus in federal court, again raising claims of ineffectiveness of counsel involving the guilty plea. All of these claims were rejected by the district court on the merits.

## II.

Sometime after pleading guilty, Brownlow discovered that Christopher had been interviewed by a social worker shortly after Michelle's death and that he had also undergone a psychiatric evaluation. Brownlow contends that the investigative summary submitted by the social worker to the juvenile court and the psychiatric evaluation prepared by the medical doctor indicate that Christopher had made statements that were in direct contradiction of his subsequent deposition testimony. Brownlow also learned that his appointed counsel had a daughter the same age as Michelle and that counsel had allegedly stated that representing Brownlow in the case had been difficult for him.

■ Brownlow raises two issues on appeal: 1) that counsel was ineffective in failing to investigate the alleged prior inconsistent statements of Christopher Gullett; and 2) that counsel was ineffective due to a conflict of interest. Brownlow concedes that these claims are procedurally defaulted and that he is unable to establish cause to excuse the default. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2564, 115 L.Ed.2d 640 (1991). Brownlow argues, however, that we should review the merits of his claims to avoid a fundamental miscarriage of justice.[3]

■ The fundamental miscarriage of justice, or actual innocence, exception to the procedural default doctrine enables a federal habeas court to consider the merits of a defaulted claim when the petitioner makes a showing, based on new evidence, that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, —— U.S. ——, ——, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995).

We need not decide whether a guilty plea absolutely forecloses a later claim of actual innocence. Because Brownlow was convicted upon his guilty plea, we of course do not have a trial transcript to review. Rather, we have the assertion that had his trial counsel investigated Christopher Gullett's inconsistent statements, Brownlow would not have pleaded guilty and would have insisted on going to trial. That assertion, however, is insufficient to overcome the barrier of procedural default in the absence of a showing sufficient to satisfy *Schlup*'s actual innocence gateway. In view of Melinda Gullett's proffered testimony that Brownlow had admitted striking Michelle, we conclude that Brownlow has fallen well short of satisfying the *Schlup* standard of proof.

The same analysis holds true with respect to Brownlow's allegation regarding trial counsel's alleged conflict of interest. *See Nave v. Delo*, 62 F.3d 1024, 1033–1034 (8th Cir.1995).

Because Brownlow has failed to make a showing of actual innocence, we do not reach the merits of his claims.

*olina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970).

3. The district court did not address the issue of procedural default, choosing instead to reject Brownlow's claims on the merits.

The order denying the petition for a writ of habeas corpus is affirmed.