_____

No. 95-2205
_____

Eric S. Hart,                              *
                                           *
     Plaintiff - Appellant,                *
                                           *
     v.                                    *   Appeal from the United States
                                           *   District Court for the
James D. Purkett,                          *   Eastern District of Missouri.
Superintendent of the                      *
Farmington Correctional Center,            *        [UNPUBLISHED]
                                           *
     Defendant - Appellee.                 *

                           _____

                Submitted:  January 10, 1996

                  Filed:  March 12, 1996
                           _____

Before LOKEN, REAVLEY,* and HANSEN, Circuit Judges.
                           _____

PER CURIAM.


     Missouri inmate Eric Hart appeals the denial of his petition for a
writ of habeas corpus.  Hart was convicted of attempted rape and armed
criminal action and sentenced to eight years in prison.  The conviction was
affirmed on direct appeal.  Hart did not petition the state court for
postconviction relief within the time then prescribed in Missouri R. Crim.
P. 29.15.  His later petition to the Missouri Supreme Court for a writ of
habeas corpus was denied because he failed to pursue the Rule 29.15 remedy.


     Hart then filed this federal habeas petition, asserting numerous
grounds for relief.  He raises one issue on appeal, that

_____

     *The HONORABLE THOMAS M. REAVLEY, United States Circuit Judge
     for the Fifth Circuit, sitting by designation.

the district court[1] erred in denying some claims as procedurally barred by his failure to seek state court postconviction relief under Rule 29.15. Hart argues that he had cause for this failure because the trial court gave misleading advice at sentencing as to the Rule 29.15 procedure, and because Rule 29.15 before its recent amendment was a fundamentally unfair procedure in that its time constraints left a defendant dependent upon his trial counsel for advice regarding the assertion of ineffective assistance claims.

After pronouncing Hart's sentence, the trial judge explained the Rule 29.15 procedure and inquired whether Hart was satisfied with his trial attorney's assistance. When Hart responded that he was satisfied and thought counsel had done a good job, the court made a finding on the record that there was no probable cause to believe Hart had received ineffective assistance. See Missouri Crim. Rule 29.07; Shigemura v. Groose, 45 F.3d 250, 253 n.3 (8th Cir.), cert. denied, 116 S. Ct. 157 (1995). While the court made a relatively minor mistake in explaining the Rule 29.15 time limits to Hart, nothing in the record suggests that Hart contemplated pursuing any remedy other than a direct appeal during the period in which a timely Rule 29.15 petition could have been filed. We conclude that Hart's colloquy with the trial court at sentencing establishes that he cannot show cause excusing his procedural default. Accordingly, we need not reach the other grounds for affirmance urged by appellee. The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE CATHERINE D. PERRY, United States District Judge for the Eastern District of Missouri.