———————

No. 95-4051

———————

Eugene Oliver,                          *
                                        *
            Appellant,                  *
                                        *    Appeal from the United States
      v.                                *    District Court for the
                                        *    District of Minnesota.
Frank W. Wood, Commissioner             *
of Corrections,                         *
                                        *
            Appellee.                   *

———————

            Submitted:  July 11, 1996

               Filed:  September 25, 1996

———————

Before WOLLMAN, JOHN R. GIBSON, and HANSEN, Circuit Judges.

———————

WOLLMAN, Circuit Judge.

      Eugene Oliver appeals from the district court's[1] judgment denying his
petition for habeas corpus filed pursuant to 28 U.S.C. § 2254.  We affirm.

**I.**

      On November 17, 1989, H.A., a twelve-year-old girl, was babysitting
at a trailer house owned by Oliver.  Sometime that evening Oliver returned
to the trailer with Russell Tilbury, who is H.A.'s uncle, and two other
men.  When H.A. fell asleep on the couch, the four men were drinking and
playing cards in the kitchen.

————————————————————

      [1]The Honorable Richard H. Kyle, United States District Judge
for  the  District  of  Minnesota,  adopting  the  report  and
recommendations of the Honorable Ann D. Montgomery, United States
Magistrate Judge for the District of Minnesota.

Sometime after midnight, Oliver and Tilbury approached H.A., who was still asleep on the couch. Oliver took off H.A.'s nightgown and sexually assaulted her while Tilbury held her arms. Tilbury then also sexually assaulted H.A.

H.A. did not immediately report the incident. After rumors began to circulate that she might be pregnant, H.A. told a teacher that she had been raped but did not say who had raped her. After H.A's mother became aware of the rumors, H.A. told her that Oliver and Tilbury were the men that had raped her.

H.A. was referred to the Ramsey County Social Services, where she told a child protection worker that Oliver and Tilbury sexually assaulted her. In an interview with Dr. Levitt, a pediatrician specializing in child abuse, H.A. also told Dr. Levitt that Oliver and Tilbury assaulted her. Dr. Levitt concluded that the condition of H.A.'s vagina was consistent with her having engaged in sexual activity.

Tilbury was arrested on January 12, 1990. Before taking a statement from Tilbury, the two investigating officers made independent determinations that Tilbury was not then under the influence of drugs or alcohol. Likewise, Tilbury said that he was not on drugs.

In an unrecorded portion of his statement, Tilbury said that he remembered seeing Oliver rape H.A., and he later admitted to attempting to rape her as well. When the officers tried to make a recorded statement of Tilbury's confession, Tilbury claimed he couldn't remember much of what happened that night. Tilbury indicated, however, that he remembered some of the unrecorded statement. On January 15th, Tilbury told the officers that his previous statements were "bullshit."

Following his arrest, Oliver denied participating in an assault on H.A. A few days later, however, Oliver told police that he remembered H.A.'s being on the couch and that he possibly approached her.

Tilbury ultimately entered an <u>Alford</u>-type plea of guilty to criminal sexual contact in the second degree.

At trial, both Tilbury and Oliver recanted their statements. Tilbury's recorded statement was admitted into evidence. Without objection from Oliver, one of the police officers testified regarding the contents of Tilbury's unrecorded statement. The court ultimately instructed the jury that Tilbury's statement was to be considered for impeachment purposes only.

Oliver was convicted of two counts of criminal sexual conduct. The trial court denied his motion for a new trial. Oliver later aborted an appeal and filed for postconviction relief. The court granted a new trial, finding that Oliver had received ineffective assistance of counsel. The Minnesota Court of Appeals affirmed, concluding that Tilbury's statement constituted inadmissible hearsay. On the State's petition for further review, the Minnesota Supreme Court held that Tilbury's statement was admissible as substantive evidence under the residual exception to hearsay testimony set forth in Minn. R. Evid. 803 (24) and reinstated Oliver's conviction. <u>Oliver v. State</u>, 502 N.W.2d 775 (Minn. 1993). Oliver then filed the present action.

## II.

Oliver contends that Tilbury's statement constituted hearsay, the admission of which violated Oliver's right to due process of law.

We will not re-examine whether evidence was properly admitted under state law. Adams v. Leapley, 31 F.3d 713, 715 (8th Cir. 1994) (citing Estelle v. McGuire, 502 U.S. 62, 68 (1991)). Rather, we consider only the question whether Oliver's conviction was obtained in violation of the United States Constitution. Estelle, 502 U.S. at 68. Admission of Tilbury's hearsay statement was violative of Oliver's due process rights only if the court's error in admitting the evidence was so obvious that it "fatally infected the trial and rendered it fundamentally unfair." Troupe v. Groose, 72 F.3d 75, 76 (8th Cir. 1995) (citing Anderson v. Gouke, 44 F.3d 675, 679 (8th Cir. 1995)).

After noting that the case presented no confrontation clause issue, the Minnesota Supreme Court concluded that the challenged statement was trustworthy, finding that it was substantially corroborated and that the circumstances surrounding the statement bolstered its reliability. Both investigating officers testified that Tilbury was not under the influence of drugs or alcohol. Tilbury also expressly told the officers that he was not on drugs. In addition, Tilbury expressed considerable remorse when he gave his statement. The fact that the statement was inculpatory likewise increased its reliability. Moreover, the statement was consistent with and corroborated H.A.'s statement to the investigating authorities.

These findings are presumed to be correct. See Sumner v. Mata, 449 U.S. 539, 544-47 (1981).[2] Given this presumption, and in light of the totality of the circumstances, we cannot say that admission of the hearsay evidence constituted a violation of due

---

[2]We note that 28 U.S.C. § 2254(d) has recently been amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 104(3)-(4), 110 Stat. 1214, 1219 (1996) (codified at 28 U.S.C. § 2254 (e)). We have not yet determined to what extent the new Act applies to noncapital cases pending on appeal. The challenged findings pass muster under either the pre-Act or post-Act versions of section 2254(d).

process.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.