No. 95-4123

Rubin R. Weeks,                          *
                                         *
        Appellant,                       *
                                         *  Appeal from the United States
            v.        *                  District Court for the Eastern
                                         *  District of Missouri.
Mike Bowersox,                           *
                                         *
        Appellee. *

Submitted:  September 10, 1996

Filed:  February 3, 1997

Before MAGILL, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

        Rubin R. Weeks appeals the dismissal of his petition for writ of
habeas corpus.  We reverse and remand for further proceedings.

I.

        Mr. Weeks pleaded guilty in Missouri state court to kidnapping and
rape.  At his plea hearing, he admitted committing the offenses and denied
that anyone had threatened or forced him to plead guilty.  Based on his
plea, the court entered a judgment of guilty against him and sentenced him
to concurrent sentences of thirty years imprisonment and life imprisonment.
The court also told Weeks about the availability of post-conviction relief
under Mo. R. Crim. P. 24.035.  That rule provides the sole means of relief
from

1

a guilty plea that is entered in a Missouri court, and it requires a prisoner to file a form asking the court to vacate his plea. The court gave Weeks a copy of that form, read the entire form to him, and told his lawyer to explain it to him further. The court did not, however, mention the fact that the rule requires the form to be filed within ninety days after a plea is entered.

Weeks asserts that at the time of the hearing, he was illiterate. Sometime after the hearing, Weeks contends, he learned to read and write, but he never filed the required Rule 24.035 motion. Instead, more than two years after he entered his plea, he filed a state habeas petition alleging his innocence. The state court dismissed that petition because Weeks had never filed a Rule 24.035 motion.

Weeks then filed a federal habeas petition, claiming that his guilty plea was coerced and that he had evidence proving his innocence. A magistrate judge denied the petition, holding that Weeks's failure to file a Rule 24.035 motion defaulted his claims, and that Weeks had not shown either cause and prejudice or actual innocence to lift the procedural bar.

On appeal, Weeks contends that the magistrate judge should not have dismissed his habeas petition because no state court has found him guilty of a procedural default, because he can demonstrate cause and prejudice for any default that he may have committed, and because he can demonstrate his actual innocence. We address each of these contentions in turn.

II.

Weeks first argues that the magistrate judge should not have dismissed his petition because no state court has found him to be in procedural default. This contention is meritless. A state procedural default bars federal habeas review when the last state

-2-

court to consider a claim clearly and expressly rests its judgment on that default. Harris v. Reed, 489 U.S. 255, 263 (1989). The last state court to consider Weeks's claim clearly and expressly stated that it was denying relief to Weeks because he had failed to file a Rule 24.035 motion. The court's further statement that it found Weeks's allegations meritless does not undo Weeks's procedural default. See id.; Pollard v. Delo, 28 F.3d 887, 889 (8th Cir. 1994), cert. denied, 115 S. Ct. 518 (1994).

Weeks next contends that the state court's inadequate explanation of Rule 24.035, coupled with his illiteracy, excuses his procedural default. While we sympathize with Weeks's plight, we must reject that contention. State prisoners may obtain federal habeas review of claims that they have procedurally defaulted in state court if they show cause for that default and prejudice from it. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Only an impediment external to the defense that prevents a petitioner from complying with the state rule constitutes cause for procedural default. McCleskey v. Zant, 499 U.S. 467, 497 (1991).

Weeks has not asserted the existence of an external impediment constituting cause for his procedural default. A prisoner's illiteracy and pro se status are not cause. See Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991); Vasquez v. Lockhart, 867 F.2d 1056, 1058 (8th Cir. 1988), cert. denied, 490 U.S. 1100 (1989). Nor does a judge's failure to delineate every feature of a state's post-conviction relief constitute cause. See Hart v. Purkett, 95 F.3d 638, 639 (8th Cir. 1996) (per curiam); Vaughan v. Groose, 884 F. Supp. 339, 343 (W.D. Mo. 1995), aff'd, 89 F.3d 842 (8th Cir. 1996), cert. denied, 65 U.S.L.W. 3341 (1996). While we think that the state court might well have felt moved to explain Missouri's rules with extra care due to Weeks's illiteracy, it neither misled Weeks nor prevented him from learning about the relevant time limit. The court sufficiently alerted Weeks to the

rule's existence; and it gave him the relevant form, read it to him, and told his lawyer to explain it to him further. Although the form does not itself mention a time limit, it does cite Rule 24.035, and that rule's language states the ninety-day time limit with clarity. By simply asking either his trial attorney or a literate fellow inmate about the form and the rule, Weeks could easily have discovered their contents.

### III.

Lastly, Weeks averred in his pleadings that he is actually innocent of the charges. This averment, he argues, lifts the procedural bar resulting from his failure to file a Rule 24.035 motion. If Weeks can prove what he asserts, he is correct.

Prisoners who cannot show cause and prejudice excusing a procedural default may nevertheless obtain federal habeas review of their constitutional claims by presenting a gateway claim of actual innocence. Schlup v. Delo, --- U.S. ---, 115 S. Ct. 851, 861 (1995). To pass through this gateway, a petitioner must present new, reliable evidence that establishes "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at ---, 115 S. Ct. at 867. Examples of evidence sufficient to establish actual innocence include trustworthy witnesses and exculpatory scientific evidence. See Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir. 1996), cert. denied, 65 U.S.L.W. 3341 (1996).

When a judgment is entered on a guilty plea instead of a verdict, courts assess a prisoner's Schlup claim by examining and weighing the evidence each side has asserted that it could produce at trial. Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 116 S. Ct. 1049 (1996). We must therefore compare what the state alleged at Weeks's plea hearing that it could prove with the evidence that Weeks has asserted in his pleadings that he

could produce. At the plea hearing, the state implied that its evidence would prove that Weeks committed the crimes in question. Although the state did not say what types of evidence it could proffer, the victim spoke and implied that she could identify Weeks. She was not under oath. In his pleadings, Weeks has alleged with specificity that he has evidence not presented at his plea hearing that would prove his innocence. He has listed by name several witnesses who he claims can exonerate him; and he has averred the existence of DNA, blood, saliva, and semen tests that would show that he did not commit the rape and kidnapping. Weeks further asserts that the victim's statements are inconsistent with her medical records, that she would not immediately identify Weeks as the rapist, and that she had once stated that Weeks did not rape her. This evidence, if produced and credited, would establish that it is more likely than not that no reasonable juror would have convicted Weeks. We accordingly remand for a hearing to determine whether Weeks can prove what he asserts.

If he can, the district court may then consider Weeks's underlying constitutional claim that his guilty plea was coerced. Any such consideration would be futile, however, if the federal court is bound by the state court's finding at Weeks's plea hearing that his guilty plea was not coerced. We must therefore decide what level of deference, if any, we owe to that finding. We believe that the principles outlined in Blackledge v. Allison, 431 U.S. 63 (1977), govern this question.

In Blackledge, a state prisoner who had pleaded guilty later asserted in a habeas petition that his guilty plea had been illegally induced, and the district court dismissed his petition without an evidentiary hearing. The Court reversed, holding that claims of involuntary guilty pleas that contain credible and specific factual allegations should not be summarily dismissed. Id. at 76. Although the petition in Blackledge was brought under

28 U.S.C. § 2254, the Court did not directly address the requirement contained in what is now § 2254(e)(1) that federal courts presume state court factual findings to be correct. It did, however, counsel federal courts not to adopt a per se rule excluding the possibility that a defendant's statements at his plea hearing were the product of duress and misrepresentation. Id. at 75. This advice, coupled with the Court's failure to refer to what is now § 2254(e)(1), indicates that when a petitioner presents specific factual allegations of coercion or inducement, the statutory presumption of correctness does not apply to a state court finding that his guilty plea was voluntary. See Pennington v. Housewright, 666 F.2d 329, 333 (8th Cir. 1981), cert. denied, 456 U.S. 918 (1982) (holding that the presumption does not affect Blackledge analysis).

This conclusion comports with common sense. We believe that it is unrealistic to expect an inmate who has been coerced into pleading guilty to allege coercion at the time that he pleads guilty. Since the very nature of a coerced guilty plea will frequently keep relevant facts from the judge conducting the plea hearing, he or she may not have all the facts with which to make the credibility and demeanor determinations that would require our deference. The fact that a prisoner asserts at his plea hearing that he is not being coerced into making the plea is not entirely without its relevance, but to give it controlling weight offends logic and common sense.

Our last task is therefore to determine whether Weeks has supported his claims of coercion with specific factual allegations sufficient to satisfy the Blackledge criteria, and we conclude that he has. Weeks has done more than allege conclusorily that he was coerced into pleading guilty. He has specifically asserted that after he initially refused to plead guilty, officers beat him "half to death," told him that "he was going to pay for not pleading

guilty," and threatened him immediately before he pleaded guilty.  These specific assertions are a far cry from the conclusory allegations, bare contradictions, and wholly incredible allegations that do not satisfy the requirements of Blackledge.  See, e.g., Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988), cert. denied, 489 U.S. 1091 (1989); Voytik v. United States, 778 F.2d 1306, 1309 (8th Cir. 1985).

IV.

Because Weeks has asserted that he can produce evidence of his actual innocence that, if credited, would lift the procedural bar, the magistrate judge erred by denying Weeks's petition without a hearing on his actual innocence claim.  Because consideration of Weeks's underlying constitutional claim of coercion would not be futile, we remand for further proceedings.

MAGILL, Circuit Judge, dissenting.

I respectfully dissent.  As the majority concedes, Weeks's failure to file a Rule 24.035 motion in the Missouri state court defaulted his claim for habeas relief.  The majority also agrees that Weeks has failed to show cause and prejudice to excuse this default.  The majority, however, concludes that because Weeks has made bare allegations of actual innocence that this case falls "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice,'" Schlup v. Delo, 115 S. Ct. 851, 861 (1995) (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)), Weeks is thereby allowed to pursue federal habeas relief despite his procedural default.

With respect, my view is that the law created by the Supreme Court and adhered to by this Circuit is clear: to warrant an evidentiary hearing on a claim of actual innocence, a petitioner must "support his allegations of constitutional error with new

reliable evidence . . . that was not presented at trial . . . ." <u>Schlup</u>,
115 S. Ct. at 865.  In applying this rule to circumstances virtually
identical to those in the instant case, we stated that the petitioner

> incorrectly asserts that an evidentiary hearing was required so
> that he could develop evidence in support of his claim of
> actual innocence.  In [<u>Battle v. Delo</u>, 64 F.3d 347, 353 (8th
> Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 1881 (1996)], we rejected
> the argument that an evidentiary hearing was necessary to
> enable the petitioner to develop evidence "which, he claim[ed],
> w[ould] exonerate him."   Noting that  "[i]n essence,
> [petitioner] [wa]s asking us to excuse his evidentiary default
> as to his claim of actual innocence, . . . in order that he may
> develop sufficient evidence of his actual innocence[,]" we
> found "[t]his circular argument [wa]s without merit."  <u>Id.</u> at
> 354.

<u>Bannister v. Delo</u>, 100 F.3d 610, 616-17 (8th Cir. 1996).


In this case, the majority recites the evidence that Weeks  has
merely alleged to exist, and then states:


> This evidence, <u>if produced and credited</u>, would establish that
> it is more likely than not that no reasonable juror would have
> convicted Weeks.  We accordingly remand for a hearing to
> determine whether Weeks can prove what he asserts.
>
> If he can, the district court may then consider Weeks's
> underlying constitutional claim that his guilty plea was
> coerced.

Maj. Op. at 5 (emphasis added).  The majority has granted Weeks an
evidentiary hearing to allow Weeks to make the showing that entitles Weeks
to an evidentiary hearing.  This is directly contrary to <u>Bannister</u>.


Weeks has given only his word that he is innocent and assures us
that, somewhere, there is evidence to prove it.  This is simply

insufficient to warrant the application of the actual innocence exception. See Wyldes v. Hundley, 69 F.3d 247, 254 (8th Cir. 1995), cert. denied, 116 S. Ct. 1578 (1996) ("Were protestation of innocence the only prerequisite to application of this exception, we fear that actual innocence would become a gateway forever open to habeas petitioners' defaulted claims.").

Weeks's procedural default bars further consideration of his claim. However, I must note that, in considering the merits of Weeks's claim, the majority fails to give proper deference to the state court's finding that Weeks's plea was voluntary. The majority states that "the statutory presumption of correctness does not apply to a state court finding that his guilty plea was voluntary." Maj. Op. at 6. I disagree.[1]

It is axiomatic that, in a federal habeas action, a state court's factual findings are presumed correct. See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 104, 110 Stat. 1214, 1219 (1996) (amending 28 U.S.C. § 2254(d)

------

[1] The majority bases this construction of law on language in Blackledge v. Allison, 431 U.S. 63 (1977), and Pennington v. Housewright, 666 F.2d 329 (8th Cir. 1981). In Blackledge, the Court held that:

> [T]he federal courts cannot fairly adopt a per se rule excluding all possibility that a defendant's representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment.

431 U.S. at 75. Similarly, this Court in Pennington rejected "an absolute rule as to whether a plea hearing can be a full and fair hearing." 666 F.2d at 333. There is a fundamental difference, however, between the proper rejection of a per se rule that a state court's finding of voluntariness is conclusive and the majority's assertion that a state court's fact finding is entitled to no deference whatsoever.

(1994)) (to be codified at 28 U.S.C. § 2254(e)) ("a determination of a factual issue made by a State court shall be presumed to be correct").[2] This rule is fully applicable to the question of whether a petitioner's plea of guilty in a state court was voluntary. See Ford v. Lockhart, 904 F.2d 458, 461 (8th Cir. 1990) ("The district court correctly held that the state court factual determinations were entitled to a presumption of correctness under Sumner v. Mata, 449 U.S. 539, 544-47 (1981), because it found that none of the circumstances enumerated in 28 U.S.C. § 2254(d) were shown to exist."). The majority's decision to disregard the state court's factual findings in this habeas matter thus ignores both statutory language and contradicts our own settled precedent.[3]

---

[2]This Court has not yet determined if the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, should be applied retroactively to cases such as this, or if the earlier version of 28 U.S.C. § 2254 should apply. See Oliver v. Wood, 96 F.3d 1106, 1108 n.2 (8th Cir. 1996), petition for cert. filed, (U.S. Dec. 23, 1996) (No. 96-7182); Rehbein v. Clarke, 94 F.3d 478, 481 n.4 (8th Cir. 1996). Under either version of the statute, however, a strong presumption of correctness is afforded state court findings of fact. The unamended version of § 2254 provided that a state court's "determination after a hearing on the merits of a factual issue . . . shall be presumed to be correct, unless [there exits one of a listed set of circumstances]." 28 U.S.C. § 2254(d) (1994). Weeks did not contend, and the majority has not held, that any of the enumerated circumstances exist in this case. The amended version of § 2254 provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Antiterrorism and Effective Death Penalty Act § 104, 110 Stat. at 1219. Under either version of the statute, therefore, a strong--and unrebutted-- presumption of correctness of the state court's factual finding exists.

[3]I must also note that the majority's rule ignores the fundamental elements of federalism that must inform our habeas jurisprudence. See, e.g., Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 515-16 (1982) (noting that "[t]he federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

federal interest in individual liberty is so strong that it outweighs federalism and finality concerns" (declining to extend habeas jurisdiction to child custody disputes)). In addition, I fear that the rule propounded by the majority can only ensure continued frivolous litigation by state prisoners challenging entirely proper guilty pleas. See, e.g., Blackledge v. Allison, 431 U.S. 63, 71 (1977) ("More often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.").

-11-