UNITED STATES COURT OF APPEALS
**Filed 2/4/97**
FOR THE TENTH CIRCUIT

PATRICE CRISLIP,

        Petitioner-Appellant,

v.

TOM NEWTON, ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

        Respondents-Appellees.

No. 96-2003
(D.C. No. CIV-92-73-JP)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner appeals[1] the district court's denial of federal habeas relief, 28 U.S.C. § 2254, from her New Mexico conviction for child abuse resulting in death. On appeal, she argues that 1) the trial court deprived her of due process by forcing her to use a peremptory challenge to excuse a prospective juror when the trial court should have excused that juror for cause;[2] 2) the federal district court erred in denying petitioner an evidentiary hearing on her ineffective assistance of counsel claim; 3) her trial attorneys labored under a conflict of interest, depriving her of constitutionally effective representation; and 4) the trial court deprived her of due process by sentencing her immediately following the jury's return of a guilty verdict. We review the district court's legal conclusions de novo and any factual findings for clear error. See Davis v. Executive Dir. of Dep't of Corrections, 100 F.3d 750, 756 (10th Cir. 1996). State court findings of fact, however, are presumptively correct, see id. (citing, e.g., 28 U.S.C. § 2254(d)), absent an exception enumerated in 28 U.S.C. § 2254(d),[3] see Shillinger v.

---

[1] We construe petitioner's motion for a certificate of probable cause as a motion for a certificate of appealability, as now required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), see Lennox v. Evans, 87 F.3d 431, 433-34 (10th Cir. 1996), cert. denied, 1996 WL 665079 (U.S. Jan. 13, 1997) (No. 96-6621), and grant that motion.

[2] In the district court, petitioner abandoned her Sixth Amendment claim that she was denied an impartial jury.

[3] Petitioner filed her notice of appeal and a motion for a certificate of probable cause with this court prior to the enactment of the AEDPA, which

(continued...)

Haworth, 70 F.3d 1132, 1136 (10th Cir. 1995).  Upon careful consideration of the record and the parties' arguments on appeal, we affirm.

Underlying petitioner's Fourteenth Amendment claim that the trial court deprived her of due process by impairing her use of her peremptory challenges is petitioner's assertion that the trial court erred in refusing to strike a prospective juror, Mr. Messick, for cause.  The trial court's finding, however, that Mr. Messick, although indicating that he would rather be elsewhere, was still able to be impartial, is a finding of historical fact which a federal habeas court must presume to be correct, so long as the record provides fair support.  See Patton v. Yount, 467 U.S. 1025, 1036-38 (1984) (citing 28 U.S.C. § 2254(d)(8)).  The determination of impartiality is essentially one of credibility and demeanor, entitled to special deference.  See id. at 1038 and n.14.  Because the state trial record supports the trial court's finding of Mr. Messick's impartiality, we affirm

---

[3](...continued)
amended and recodified § 2254(d).  See 28 U.S.C. § 2254(e)(1).  In their briefs, the parties cite to both of these sections.  We need not decide whether the AEDPA applies in this case, however, cf. Edens v. Hannigan, 87 F.3d 1109, 1112 n.1 (10th Cir. 1996) (AEDPA was not applicable to appeal when appellant had filed notice of appeal and district court had granted certificate of probable cause prior to Act's enactment), because petitioner's challenge to any state court factual findings would not succeed under either standard.  See Earnest v. Dorsey, 87 F.3d 1123, 1127 n.1 (10th Cir.), cert. denied. 117 S. Ct. 527 (1996); see also, e.g., Langford v. Day, No. 95-99001, 1996 WL 733984, at *6 n.2, *8 n.3 (9th Cir. Dec. 24, 1996) (to be reported at 102 F.3d 1551); Oliver v. Wood, 96 F.3d 1106, 1108 n.2 (8th Cir.), petition for cert. filed (Dec. 23, 1996) (No. 96-7182).

-3-

the denial of habeas relief on this claim. See id. at 1039-40 (not faulting state trial judge for crediting earliest testimony of venireperson that he could put aside his preconceived opinion if he had to, rather than later testimony resulting from defense counsel's leading question); id. at 1039 (where venireperson's testimony is ambiguous or contradictory, trial court may validly choose to credit statements that were most fully articulated or appear to have been least influenced by attorney's leading).

Petitioner next argues that the district court erred in failing to conduct an evidentiary hearing addressing her ineffective assistance claim. We review the district court's decision not to hold a hearing only for an abuse of discretion. See Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir.), cert. denied, 117 S. Ct. 493 (1996). Petitioner would be entitled to an evidentiary hearing if she alleged facts which, if proven, would establish that she received ineffective assistance of counsel. See id. at 703.

Petitioner alleges that her representation by two public defenders was constitutionally ineffective in light of their conflict of interest stemming from another public defender's representation of petitioner's co-defendant, who was convicted in a separate, earlier proceeding. We review de novo the question of whether petitioner received ineffective assistance of counsel. See Selsor v. Kaiser, 81 F.3d 1492, 1497 (10th Cir. 1996).

-4-

Because petitioner presented a timely objection to the public defenders' representation, the initial issue presented is whether the trial court failed to take adequate steps to ascertain whether the risk of conflict required appointment of another attorney or, instead, was too remote to warrant different counsel. See id. (citing Holloway v. Arkansas, 435 U.S. 475 (1978)). The state trial court conducted a thorough evidentiary hearing on each of the public defenders' two motions to withdraw from representing petitioner. These hearings were sufficient to provide the requisite "searching review . . . demonstrat[ing] that counsel's fear for his effectiveness [wa]s groundless." Id. at 1500-01 (quotation omitted). The trial court, therefore, made an adequate inquiry into the potential conflict and appropriately determined that appointment of different counsel was unnecessary.

Petitioner further argues, however, that even if a conflict cannot be presumed under Holloway, see Selsor, 81 F.3d at 1504, she sufficiently alleged the existence of an actual conflict adversely affecting her defense so as to require an evidentiary hearing. We disagree. See Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980) (requiring showing that defense counsel "actively represented conflicting interests").

The record does not bear out her assertion that she was deprived of all investigative assistance because the legal assistant in the Roswell, New Mexico public defender's office could not work on her case, in light of his previous

employment by the district attorney's office, during which time he helped prepare the prosecutions of both petitioner and her co-defendant. Further, petitioner fails to allege what exculpatory evidence further investigation would have produced.

Petitioner's allegation that a different public defender, who worked in the same office as petitioner's attorneys, represented her co-defendant in the earlier, separate prosecution is insufficient to establish an actual conflict, see United States v. McCullah, 76 F.3d 1087, 1098-99 (10th Cir.) (no actual conflict adversely affecting defense, where another attorney in same public defender's office as defendant's attorneys represented potential witness against defendant), petition for cert. filed (Nov. 22, 1996) (No. 96-6841); see generally Burger v. Kemp, 483 U.S. 776, 784, 786-87 (1987) (separate trials significantly reduce potential divergence of co-indictees' interests), particularly in light of the fact that the public defender's representation of her co-defendant terminated prior to that office's representation of petitioner in this case, see United States v. Gallegos, 39 F.3d 276, 278-79 (10th Cir. 1994); see also United States v. Trevino, 992 F.2d 64, 66 (5th Cir. 1993). Further, petitioner's argument that an actual conflict existed because her co-defendant was to be a government witness against her never materialized, as the State never called her co-defendant to testify. See McCullah, 76 F.3d at 1099.

Because petitioner failed to establish the existence of an actual conflict, the district court did not abuse its discretion in refusing to conduct an evidentiary hearing. Cf. Church v. Sullivan, 942 F.2d 1501, 1510 (10th Cir. 1991) (evidentiary hearing was necessary to provide opportunity to show adverse affects on defense, where petitioner established actual conflict). We affirm the denial of habeas relief on petitioner's ineffective assistance claim.

Petitioner's last claim, that the state trial court denied her due process by sentencing her immediately following the jury's return of a guilty verdict, is foreclosed by Scrivner v. Tansy, 68 F.3d 1234, 1240 (10th Cir. 1995), cert. denied, 116 S. Ct. 1277 (1996).

The judgment of the United States District Court for the New Mexico is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge